WASHINGTON COUNTY MUTUAL INSURANCE COMPANY *vs.*
CHRISTOPHER S. HASTINGS.

No action lies by a foreign insurance company to recover assessments on a premium note given for a policy of insurance on property in this commonwealth, effected through an agent in this commonwealth, while Rev. Sts. *c.* 37, §§ 40, 41, and *St.* 1847, *c.* 273, § 3 were in force, if the only statement of the condition of the company which was published in a newspaper in the county wherein he transacted the business of his agency did not appear to be under the oath of a majority of its directors, or contain any express statement of the whole amount insured by the company, or furnish the means of estimating with accuracy the whole amount insured.

CONTRACT, brought by a foreign insurance company, to recover assessments on a premium note given to them by the defendant, dated June 19, 1849, for a policy of insurance on property in Berlin, in Worcester county. The answer, amongst other things, denied that the agent of the company published a statement of its condition as required by Rev. Sts. *c.* 37, §§ 40, 41, and *St.* 1847, *c.* 273, § 3. It was agreed that Alfred S. Gillett had an office for transacting the business of insurance in Chicopee, in the county of Hampden, and several sub-agents who solicited insurances in the county of Worcester from persons residing therein, and there received applications and sent them to Gillett, who transmitted them to the plaintiffs, and received back the policies, and sent them by mail to the insured; and the insurance in question was effected in this manner. On the 10th of May 1849, the plaintiffs published in the Springfield Republican, a newspaper printed at Springfield, in the county of Hampden, an advertisement, the material portions of which were as follows: "Washington County Mutual Fire Ins. Co., Granville, New York. General Agency for Massachusetts, No. 15 Bullen's Block, Chicopee. Extract 4th, Annual Report made to the Comptroller of State, and lodged with the Treasurer of Massachusetts, quarter ending Dec. 31st 1848.

| | | | | | | |
|---|---|---|---|---|---|---|
| Whole number of policies issued | . | . | . | | | 37,986 |
| Guarantee fund, exclusive of cash | . | . | | | $384,009.89 |
| Cash receipts | . | . | . | . | . | . | 115,362.13 |

Losses and expenses paid . . . . $87,341.37

Dec. 31st, cash on hand . . . . . 28,020.76

Average risks . . . . . . . 840.00

(Here followed general recommendations of the company.)

David Russell, President. Arch Bishop, Secretary. Alfred S. Gillett, General Agent, Mass. J. A. Gillett, Agent."

A statement showing the condition of the company on the 1st of January 1849, subscribed and sworn to according to law, and filed in the office of the treasurer of the Commonwealth, showed that the whole amount of property insured in the company was $32,407,913.

The other facts in the case became immaterial. In the superior court, *Morton*, J. rendered judgment for the defendant, and the plaintiffs appealed.

*E. Mellen & E. B. Stoddard*, for the plaintiffs.

*G. F. Hoar*, for the defendant.

METCALF, J. The note in suit, having been given to the plaintiffs in consideration of a policy of insurance issued by them in June 1849, is to be held valid or invalid, under the provisions of the Rev. Sts. *c.* 37, §§ 40, 41, and *St.* 1847, *c.* 273, § 3. These statutes required that every agent of an insurance company established without this state should, before making any contract of insurance within the state, deposit with the state treasurer a statement signed and sworn to by a majority of the directors of the corporation for which he was acting, specifying the amount of its capital, the manner of its investment, &c., and, in addition to the amount of capital or reserve held by the corporation, the whole amount of risks incurred by the same, the whole amount of premiums thereon, what portion of it had been paid in cash, what security had been taken for the remainder, and what was the largest sum insured in any one risk; and that the agent should publish such statement in some newspaper published in the county wherein he transacted the business of his agency.

The foregoing statute requisitions have not been complied with by the plaintiffs' agent.

The publication in the newspaper called the Springfield ·

Republican, on the 10th of May 1849, did not contain the same statement which was filed with the treasurer on the 15th of January 1849, because it did not appear, from that publication, that the statement was made under the oath of the directors. The statute required that the statement to be filed with the treasurer should be sworn to by the directors, and that "the said statement" should be published in a newspaper.

Besides ; that publication did not contain the same partic ulars as those which were set out in the statement filed with the treasurer. Nor did it contain a statement of the whole amount insured by the plaintiffs, but only contained statements by which that amount might be computed by an arithmetical process. This was not sufficient. But if it would have been sufficient had it been accurate, yet it was not accurate, inasmuch as an arithmetical computation shows that the amount insured was stated to be one hundred and nineteen thousand dollars less than the true amount.

The note having been given in consideration of a contract with the plaintiffs, which our statutes forbade them to make, they cannot recover, but we must render

*Judgment for the defendant.*